*Daniel J. Shaw* v. *James A. McNish et al.* J. Thomas, for complainant; O. L. Barbour, for defendants. Application for retaxation of costs in a foreclosure suit. The bill was filed against the mortgagor and his wife, and fifteen other persons who were made parties as having some interest in or lien upon the mortgaged premises subsequent to the date of the mortgage. Soon after the service of the subpœnas and before the bill had been taken as confessed against any of the defendants, Swain, one of the defendants, paid to the complainant's solicitors the amount claimed to be due upon the mortgage, and offered to pay the taxable costs. The complainant claimed to have the costs taxed at the rate fixed by statute in foreclosure suits, where the bill has been taken as confessed against all of the defendants. The defendants' solicitor, on the contrary, insisted that the complainant was only entitled to the costs of the services which had been actually performed, and at the allowance fixed by the fee bill; and that he should not be allowed for the costs of proceedings against several of the defendants who had no interest in or lien on the mortgaged premises and who were unnecessarily and improperly made parties. The vice chancellor of the seventh circuit who taxed the costs, allowed $30, for the solicitor's fees as to the two first defendants, and $2,50 for each of the other defendants, in addition to the disbursements; although it exceeded the amount of the taxable items according to the general fee bill.

The chancellor decided that the only effect which can be given to the act to reduce the expense of foreclosing mortgages, as amended in 1841, in suits which have been settled or discontinued, before they have proceeded so far as to ascertain whether a defence will be made by any of the defendants, is to limit the amount of solicitors fees; so that it shall not exceed the gross amount fixed by statute for the whole proceedings when there is no defence.

That as the acts of 1840 and 1841 have made no provision for compensation in such cases the solicitor is entitled to have his costs taxed according to the general fee bill in other suits; subject to the above limitation as to the gross amount.

That where the solicitor for the complainant in a foreclosure suit brings persons before the court, as defendants, whom he has no reason to suppose were necessary or proper parties, the taxing officer may inquire into the facts; and should disallow all charges for extra costs, or for disbursements, on account of such unnecessary parties. *No costs allowed as to unnecessary parties.*

The extra costs of making the five children of Wales parties, directed to be disallowed; and the sum of $44.31 declared to be the amount of costs to which the complainant's solicitor is entitled.

Neither party to have costs as against the other, on this motion.